**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FREDDIE JOE LEWIS, JR.,
            Plaintiff,

-vs-                                    Case No. 6:06-cv-525-Orl-18JGG

STATE OF FLORIDA, DEPARTMENT OF
CORRECTIONS,
NINTH JUDICIAL CIRCUIT IN AND FOR
OSCEOLA COUNTY, FLORIDA,
            Defendants.

---

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | April 18, 2006 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**, and further **RECOMMENDED** that the complaint be dismissed without prejudice. | |

Plaintiff Freddie Joe Lewis, Jr. seeks leave to proceed *in forma pauperis* in this action.

I.  **THE LAW**

A.  **Proceeding** *In Forma Pauperis*

District courts are required to review[1] civil complaints filed *in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915 (e)(2) (1996).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Under the Local Rules, the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court may dismiss the case "if satisfied that the action is frivolous or malicious" under 28 U.S.C. § 1915, or may enter such other orders "as shall seem appropriate." *Id.*

Section 1915 grants district courts broad discretion in managing *in forma pauperis* cases, and in denying applications for leave to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The applicant's affidavit should not be "a broad highway into the federal courts." *Phillips*, 746 F.2d at 785. Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit. *Id.*

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

B.  **Frivolous Actions Under 28 U.S.C. § 1915 (e)(2)(B)(i)**

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should dismiss a claim under § 1915 only when that claim lacks an arguable basis in law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

1.  **Frivolous Factual Allegations**

Factual allegations are frivolous under § 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), citing *Neitzke*, 490 U.S. at 325-28. The district court may dismiss meritorious legal theories pursuant to § 1915 if the factual allegations in the complaint are "clearly baseless." *Denton*, 504 U.S. at 32 - 33. "Fantastic" or "delusional" allegations are examples of clearly baseless allegations. *Id.* Also, factual allegations that are contradicted by other allegations in the complaint may be considered "clearly baseless." *Battle v. Cent. State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations may also be "clearly baseless." For example, a district court may properly dismiss a § 1983 complaint where the complaint makes no particularized showing (and provides no supporting operative facts) in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). In *Phillips*, the Court of Appeals for the Eleventh Circuit stated that an *in forma pauperis* plaintiff must provide an adequate basis for his assertions in order to proceed (and compel the

defendants to answer). *Id.* This requirement, reasoned the Eleventh Circuit, protects the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Id.* (citing *Cruz v. Beto,* 405 U.S. 319, 326 - 27 (1972)); *accord, Denton,* 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until sufficient inquiry is made to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark,* 915 F.2d at 639; *Moreland v. Wharton,* 899 F.2d 1168, 1169 - 70 (11th Cir. 1990). To do otherwise (i.e., to allow for *sua sponte* dismissal of *in forma pauperis* cases that present arguable legal or factual questions ) would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle,* 898 F.2d at 129. If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a *pro se* litigant by dismissing the case <u>without</u> prejudice, and by allowing the litigant to file a new complaint that alleges sufficient facts to substantiate the claim. *Phillips,* 746 F.2d at 785.

### 2. Frivolous Legal Theories

Legal theories are frivolous when they are "indisputably meritless." *Neitzke,* 490 U.S. at 329; *Battle,* 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke,* 490 U.S. at 327.

The district court may dismiss a complaint under § 1915 even if it states a claim for relief.[2] *Clark*, 915 F.2d at 639-40; *see also Neitzke*, 490 U.S. at 326 - 29 (stating that Fed. R. Civ. P. 12 (b)(6) and § 1915 serve distinctive goals). It is an abuse of discretion, however, to conclude that an *in forma pauperis* case is frivolous on the basis of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact. A complaint which states a claim for the purposes of Rule 12 (b)(6) (that is, one clearly having a basis in law) may still be frivolous if it lacks an arguable basis in fact. *Clark*, 915 F.2d at 639.

In some instances, a district court may dismiss a complaint as frivolous under § 1915, even when the complaint legally states a claim, and states facts that are not fantastic. For example, a dismissal is appropriate if an affirmative defense would defeat the action, or if the defendant had absolute immunity. *See id.* at 640; *Fuller v. Ga. State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981); *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part*, 745

---

[2] The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(I). The language of § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under § 1915 (e)(2)(B)(I), however, is not required to assume the truth of the allegations. *See Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

F.2d 1221 (9th Cir. 1984).³ When the defense is apparent from the face of the complaint or the court's records, the district court need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

In addition to affirmative defenses, the district court may consider other factors in determining whether dismissal under § 1915 is appropriate. Examples include: whether a defendant is judgment-proof where the action seeks money damages; whether other litigants have been successful on identical claims; whether alternative remedies exist (even without an exhaustion requirement); and whether plaintiff has an extensive history of bringing unmeritorious actions. *Id.* at 641; *see also Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *Wilson*, 878 F.2d at 849; *Franklin*, 563 F.Supp. at 1324.

## II. APPLICATION

Plaintiff has filed a *pro se* complaint against the "State of Florida Department of Corrections" and the "Ninth Judicial Circuit in and for Osceola County, FL" alleging that Defendants did not sufficiently inform him of his obligations under the conditions of his parole and conditional release from prison. Docket No. 1 at 2. Plaintiff claims that he was not told that he had to pay court "fine[s]" in addition to his "court ordered payments[.]" and that the "negligence" of the named Defendants caused him "the mental stress of <u>possibly</u> being returned to [prison]." *Id.* at 3 (emphasis added). Plaintiff also complains of mental stress based on the fact that if he were arrested for failure to make payments, he would lose his job and be unable to attend his wedding. *Id.*

---

³Other affirmative defenses which justify dismissal of a claim as frivolous include: res judicata, collateral estoppel, and the expiration of the statute of limitations. *See Patterson*, 628 F. Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserted allegations litigated in previous action), *cert. denied*, 493 U.S. 969 (1989); *Franklin*, 563 F. Supp. at 1330-32.

Although unclear, Plaintiff seems to seek injunctive relief. Plaintiff first asks that the Court order Defendants to disclose to Plaintiff and anyone else "serving probation, parole or conditional release" information about court fines and court-ordered payments. *Id.* at 4. He also requests that the Court:

> render the [judgment] that any person or person[s] serving probation, parole or conditional release be given notice and [a] warning of their oversight to make payment and fines and court ordered payments in writing which have to be signed by the said person and their officer are [sic] the sheriff and police department as served are [sic] showing intent to serve before any person or person[s] can be arrested, [revoked]of their release and imprisoned [sic]

*Id.* Plaintiff further asks that "the Florida Department of [Corrections] and any agency receiving payments of court ordered fines and payments give person or person's making such payments and receipt of said payment as evidence and proof of such payments having been made." *Id.*

Plaintiff's complaint fails to state any basis for federal subject matter jurisdiction, and fails to state a claim for anything cognizable under federal subject matter jurisdiction. Further, it is unclear whether Plaintiff has standing to bring this action. *See Allen v. Wright*, 468 U.S. 737, 750-51 (1984) ("[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief"); *see also Ala.-Tombigee Rivers Coal. v. Norton*, 338 F.3d 1244, 1252-56 (11th Cir. 2003) (summarizing the elements for constitutional standing). Plaintiff is <u>not</u> incarcerated, and details only injury that he <u>would</u> suffer if he <u>were</u> arrested. Even assuming that the Court has subject matter jurisdiction, that the complaint states a valid claim, and that Plaintiff has standing to bring this action, ample alternative remedies clearly exist for the relief Plaintiff seeks. *See Clark*, 915 F.2d at 641. The complaint is frivolous within the meaning of 28 U.S.C. § 1915, and should be dismissed.

Accordingly, Plaintiff's **APPLICATION TO PROCEED *IN FORMA PAUPERIS*** [Docket No. 2] should be **DENIED**. The undersigned further **RECOMMENDS** that the complaint be dismissed without prejudice as frivolous.

**DONE** and **ORDERED** in Orlando, Florida on April 20, 2006.

James G. Glazebrook
United States Magistrate Judge

Copies furnished to:

Freddie Joe Lewis, Jr.
4631 Parma Court
Orlando, FL   32811

Counsel of Record
Unrepresented Parties